■ JOHN WINNEY et al., Appellants, v WILLARD L. BUNDY et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Brown, J.), entered January 14, 1991 in Saratoga County, upon a decision of the court in favor of defendants.

The parties to this action are the owners of property in a subdivision created by plaintiffs near the Great Sacandaga Lake in the Town of Edinburg, Saratoga County. Plaintiffs commenced this action to recover damages allegedly caused by defendants' diversion of water from their land onto plaintiffs'

land and to enjoin defendants from future diversion of water. Defendants' answer included counterclaims based upon plaintiffs' alleged negligent landscaping of their land that caused water to flow onto defendants' property. After a nonjury trial, Supreme Court concluded that neither of the parties was entitled to recover from the other. A judgment was entered dismissing plaintiffs' claims and defendants' counterclaims, and plaintiffs appeal.

We see no basis to disturb Supreme Court's finding that plaintiffs were not entitled to damages or injunctive relief against defendants. Plaintiffs concede that there was no evidence to support their claim that defendants were negligent in the construction and maintenance of a culvert under their pole barn or garage. As to the berm constructed by defendants, there is evidence to support a finding that the berm was necessary to deflect excess water flow created by plaintiffs' landscaping and tree-cutting activity. Plaintiffs also claim that the location of the pole barn or garage violated a restrictive covenant in defendants' deed, but there is ample support for Supreme Court's finding of no substantial violation of the restrictions. In any event, the garage was originally erected in 1978 as an open-sided structure and it was enclosed some 10 years later, but plaintiffs made no complaint about the structure until 1989 when they commenced this action. Supreme Court's judgment should therefore be affirmed.

Weiss, P. J., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.